

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

August 12, 2020

Matthew E. Beck, Esq.
Danielle M. Corcione, Esq.
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052

   Re: <u>In re CSG Imports LLC</u>

Dear Mr. Beck and Ms. Corcione:

  This letter sets forth the full and complete deferred prosecution agreement between the United States Attorney's Office for the District of New Jersey (the "Office") and CSG Imports LLC ("CSG Imports").

  1. CSG Imports acknowledges and agrees that the Office will file a criminal Complaint (the "Complaint") in the United States District Court for the District of New Jersey charging CSG Imports with violating the Defense Production Act, 50 U.S.C. §§ 4512 and 4513, by reselling personal protective equipment ("PPE") at prices that exceeded prevailing market prices. In so doing, CSG Imports knowingly waives its right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b), and consents to the filing of the Complaint, as provided under the terms of this Agreement, in the United States District Court for the District of New Jersey. The Office agrees to defer prosecution of CSG Imports pursuant to the terms and conditions described below. If CSG Imports complies with all of the terms of this Agreement, this Office will not initiate any further criminal charges against CSG Imports for its importation and sale of PPE between January 1, 2020 and the date of this agreement.

  2. CSG Imports admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents described in the Statement

of Facts, which is attached as Attachment A, and that the allegations described in the Statement of Facts are true and accurate. Should the Office pursue the prosecution that is deferred by this Agreement, CSG Imports stipulates to the admissibility of the Statement of Facts in any proceeding by the Office, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the Statement of Facts at any such proceeding.

      3.      This Agreement is effective for a period beginning on the date on which the Complaint is filed and ending one year from that date (the "Term").  CSG Imports and its principals agree that they will cease obtaining for the purpose of resale and selling PPE of any kind on or before the Term expires.  If CSG Imports and its principals do not cease obtaining for the purpose of resale and selling PPE of any kind before the Term expires, the Term shall be extended by one year, such that the Term would be two years. CSG Imports agrees, however, that, in the event the Office determines, in its sole discretion, that CSG Imports has knowingly violated any provision of this Agreement or has failed to completely perform or fulfill its obligations under this Agreement, an extension or extensions of the Term may be imposed by the Office, in its sole discretion, for up to a total additional time period of one year, without prejudice to the Office's right to proceed as provided in Paragraphs 10 to 13 below. Any extension of the Agreement extends all terms of this Agreement, including the terms of the reporting requirement set forth in Paragraph 8, for an equivalent period. Conversely, in the event the Office finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the reporting requirements, and that the other provisions of this Agreement have been satisfied, the Agreement may be terminated early. If the Court rejects the Agreement, all the provisions of the Agreement shall be deemed null and void, and the Term shall be deemed to have not begun.

      4.      The Office enters into this Agreement based on the individual facts and circumstances presented by this case and by CSG Imports, including:

      a.      CSG Imports did not voluntarily self-disclose to the Office the conduct described in the Statement of Facts.

      b.      CSG Imports has accepted responsibility for the conduct described in the Statement of Facts.

      c.      CSG Imports has cooperated with the Office's investigation, including disclosing relevant facts, producing documents and other materials, and making multiple presentations to the Office.

      d.     CSG Imports has agreed to the sale and disposition of PPE previously seized by the Government at prices not to exceed its reasonable costs in obtaining the personal protective equipment, as set forth in Attachment B.

      e.     CSG Imports has agreed to provide semi-annual written reports to this Office regarding CSG Imports' sale and disposition of PPE, as described in Paragraph 8.

      f.     CSG has agreed to compensate particular entities $400,000 for their purchase of PPE during the timeframe of the offense.

5.     CSG Imports shall cooperate fully with the Office in any and all matters relating to the conduct described in this Agreement and the Statement of Facts and other conduct under investigation by the Office at any time during the Term until the later of the date upon which all investigations and prosecutions arising out of such conduct are concluded, or the end of the Term. In addition, during the Term, should CSG Imports learn of any evidence or allegation of conduct that may constitute a violation of federal law, CSG Imports shall promptly report such evidence or allegation to the Office.

6.     Subject to Paragraphs 10 to 13, the Office agrees, except as provided in this Agreement, that it will not bring any criminal or civil case against CSG Imports relating to any of the conduct described in this Agreement, the Statement of Facts, or the Complaint filed pursuant to this Agreement. The Office, however, may use any information related to the conduct described in this Agreement or the Statement of Facts against CSG Imports: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; or (c) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code. This Agreement does not provide any protection against prosecution for any future conduct by CSG Imports; that is, conduct that occurs after the date this agreement is signed by the parties. In addition, this Agreement does not provide any protection against prosecution of any individuals, regardless of their affiliation with CSG Imports.

7.     As detailed in the Stipulation attached as Attachment B and in accordance with its provisions, CSG Imports agrees to sell the PPE that the Government seized on April 22, 2020 pursuant to a court-authorized search warrant for which it has an ownership interest (the "Seized PPE") at a reasonable cost that is not more than the costs incurred by CSG Imports when it acquired the PPE, which the parties agree are the per-unit blended cost figures set forth in Attachment A.

Nothing herein should be seen as prohibiting CSG Imports from donating any portion of the Seized PPE.

8. As detailed in the Stipulation attached as Attachment B and in accordance with its provisions, CSG Imports agrees that it will report to the Office periodically, at no less than six-month intervals, regarding all transactions involving the sale of the Seized PPE. This reporting obligation shall continue until the last Seized PPE has been sold or otherwise transferred.

9. CSG Imports has agreed to compensate Entity-1 and Entity-2, whose identities are known to the parties, $400,000. CSG Imports must pay a minimum of $200,000 to Entity-1 and Entity-2 directly in amounts proportionate to CSG Imports' profits on PPE sold to those entities. CSG Imports may compensate Entity-1 and Entity-2 the remaining portion of the $400,000 by transferring to them PPE at no cost. To calculate the value of any PPE transfer to those entities, CSG Imports must apply its blended per-unit cost, specifically: (i) in the case of N-95 respirator face masks, CSG Imports must apply a blended per-unit cost of $3.47; and (ii) in the case of three-ply disposable non-medical face masks, CSG Imports must apply a blended per-unit cost of $0.37. CSG Imports acknowledges that it must not seek a tax deduction in connection with the payment of any part of the $400,000 penalty.

10. In consideration of the undertakings agreed to by CSG Imports, the Office agrees that any prosecution of CSG Imports for the conduct described in this Agreement and the Statement of Facts is deferred for the Term. To the extent that there is conduct disclosed by CSG Imports that is not described in this Agreement or in the Statement of Facts, such conduct will not be exempt from further prosecution and is not within the scope of or relevant to this Agreement. The Office further agrees that if CSG Imports fully complies with all of its obligations under this Agreement, the Office will not continue the criminal prosecution against CSG Imports described in Paragraph 1 and, at the conclusion of the Term, this Agreement shall expire. Within one month of the Agreement's expiration, the Office shall seek dismissal with prejudice of the Complaint filed against CSG Imports described in Paragraph 1, and agrees not to file charges in the future against CSG Imports based on the conduct described in this Agreement and the attached Statement of Facts.

11. If, during the Term: (a) CSG Imports commits any felony or misdemeanor under federal law; (b) CSG Imports provides, in connection with this Agreement, deliberately false, incomplete, or misleading information; (c) CSG Imports fails to cooperate as set forth in Paragraph 5 of this Agreement; (d) CSG Imports fails to sell or otherwise donate the PPE in accordance with the terms of Paragraph 7 and Attachment B of this Agreement or fails to provide an accurate accounting of those transactions to the Government as set forth in Paragraph 8; or

(e) CSG Imports otherwise fails to completely perform or fulfill each of its obligations under the Agreement, regardless of whether the Office becomes aware of such a breach after the Term is complete, CSG Imports, shall thereafter be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the charge in the Complaint described in Paragraph 1, which may be pursued by the Office in the United States District Court for the District of New Jersey or any other appropriate venue. Determination of whether CSG Imports has breached the Agreement and whether to pursue prosecution of CSG Imports shall be in the Office's sole discretion. Any such prosecution may be premised on information provided by CSG Imports. Any such prosecution relating to the conduct described in this Agreement and the Statement of Facts or relating to conduct known to the Office prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against CSG Imports notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, CSG Imports agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year. In addition, CSG Imports agrees that the statute of limitations as to any violation of federal law that occurs during the Term will be tolled from the date upon which the violation occurs until the earlier of the date upon which the Office is made aware of the violation or the duration of the Term plus one year, and that this period shall be excluded from any calculation of time for purposes of the application of the statute of limitations.

      12.    In the event that the Office determines that CSG Imports has breached this Agreement, the Office agrees to provide CSG Imports with written notice of such breach prior to instituting any prosecution resulting from such breach. Within thirty days of receipt of such notice, CSG Imports shall have the opportunity to respond to the Office in writing to explain the nature and circumstances of such breach, as well as the actions that CSG Imports has taken to address and remediate the situation, which explanation the Office shall consider in determining whether to pursue prosecution of CSG Imports.

      13.    In the event the Office determines that CSG Imports has breached this Agreement: (a) all statements made by or on behalf of CSG Imports to the Office or to the Court, including the Statement of Facts, and any testimony given by CSG Imports before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Office against CSG Imports; and (b) CSG Imports shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal

Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of CSG Imports prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible. The decision whether conduct or statements of any current director, officer, or employee, or any person acting on behalf of, or at the direction of, CSG Imports will be imputed to CSG Imports for the purpose of determining whether CSG Imports has violated any provision of this Agreement shall be in the sole discretion of the Office.

14. CSG Imports acknowledges that the Office has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if CSG Imports breaches this Agreement and this matter proceeds to judgment. CSG Imports further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

15. The Office agrees, if requested to do so, to bring to the attention of law enforcement and regulatory authorities the facts and circumstances relating to the nature of the conduct underlying this Agreement, including the nature and quality of CSG Imports' cooperation and sale of the Seized PPE in accordance with terms of this Agreement. By agreeing to provide this information to such authorities, the Office is not agreeing to advocate on behalf of CSG Imports, but rather is agreeing to provide facts to be evaluated independently by such authorities. Nothing in this Agreement restricts in any way the ability of the Office, any other federal department or agency, or any state or local government, from proceeding criminally, civilly, or administratively, against any current or former directors, officers, employees, or agents of CSG Imports, or against any other entities or individuals. The parties to this Agreement intend that the Agreement does not confer or provide any benefits, privileges, immunities, or rights to any other individual or entity other than the parties.

16. This Agreement is binding on CSG Imports and the Office, but specifically does not bind any other component of the Department of Justice, other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities, although the Office will bring the cooperation of CSG Imports and their compliance with their other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by CSG Imports.

17. This Agreement, including its attachments, sets forth all the terms of the agreement between CSG Imports and the Office. No amendments, modifications, or additions to this Agreement shall be valid unless they are in writing and signed by

the Office, the attorneys for CSG Imports, and a duly authorized representative of CSG Imports.

**AGREED:**

**FOR CSG IMPORTS LLC:**

Date: August 13, 2020  By: _____
Donniel Ogorek, Esq.
CSG Imports LLC

Date: August 13, 2020  By: _____
Matthew E. Beck, Esq.
Danielle M. Corcione, Esq.
Chiesa Shahinian & Giantomasi PC
Counsel for CSG Imports LLC

**FOR THE UNITED STATES:**

                CRAIG CARPENITO
                United States Attorney
                District of New Jersey

By: _____
     Jason S. Gould
     Nicole F. Mastropieri
     Assistant United States Attorneys


Approved by:

_____
Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

# ATTACHMENT A

## STATEMENT OF FACTS

The following Statement of Facts is incorporated as part of the Deferred Prosecution Agreement (the "Agreement") between the United States Attorney's Office for the District of New Jersey (the "Office") and CSG Imports LLC ("CSG Imports"). CSG Imports agrees and stipulates that the following facts are true and accurate. CSG Imports admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents as set forth below. Should the Office pursue the prosecution that is deferred by this Agreement, CSG Imports agrees that it will neither contest the admissibility of, nor contradict, this Statement of Facts in any such proceeding. The following facts took place during the relevant time period and establish beyond a reasonable doubt the charges set forth in the Complaint filed pursuant to this Agreement.

1. CSG Imports is an import company established in New Jersey and has its principal place of business at 1980 Swarthmore Avenue, Lakewood, New Jersey.

2. CSG Imports engaged in importing various items into the United States from abroad and selling those items in the United States. Prior to March 2020, CSG Imports did not import items relating to personal protective equipment ("PPE"). In connection with its business, CSG Imports utilized storage space at 1980 Swarthmore Avenue in Lakewood, New Jersey, and, on occasion, other off-site warehouse space located at 1965 Swarthmore Avenue in Lakewood, New Jersey and 155 Oberlin Avenue in Lakewood, New Jersey (the "Warehouse Locations").

3. In or about March 2020, with the COVID-19 pandemic affecting New Jersey and the rest of the United States and world, CSG Imports began to source directly from international manufacturers and import various items of PPE into the United States. When not delivered directly to customers, CSG Imports stored the PPE at the Warehouse Locations, among other places, and sold the PPE to various customers, including hospitals, health care providers, health care suppliers, and end users in New Jersey and elsewhere.

4. On March 18, 2020, responding to the pandemic, the President issued Executive Order 13909, *see* 85 Fed. Reg. 16,227, invoking the powers vested in the President by the Defense Production Act of 1950, 50 U.S.C. §§ 4501 *et seq.* (the "Act").

5. On March 25, 2020, the Secretary of Health and Human Services ("HHS") exercised authority delegated to him by the President and published a notice, *see* 85 Fed. Reg. 17592, designating certain health and medical resources under the Act as scarce materials or materials the supply of which would be threatened by accumulation in excess of reasonable demands of business, personal, or home consumption, or for the purpose of resale at prices in excess of prevailing market prices (the "Designated Scarce Materials").

6. Between on or about March 15, 2020 and on or about April 22, 2020, CSG Imports imported into the United States PPE and other health and medical resources, including N95 respirator face masks and three-ply disposable non-medical face masks, which were Designated Scarce Materials, for the purpose of resale at prices in excess of prevailing market prices. Until that time, CSG Imports had not dealt in such products.

7. Between on or about March 25, 2020 and the date of this Agreement, CSG Imports offered these items, which were Designated Scarce Materials, for sale, and sold them, sometimes at prices that exceeded prevailing market prices for those items. For example:

   a. CSG Imports imported N-95 respirator face masks into the United States for a blended per-unit cost of $3.47, and CSG Imports sold them on the following occasions for the following net sales price in the following quantities, resulting in markups ranging from $0.78 to $2.53 [approximate profit per face mask in brackets]:

      i. March 25, 2020: $5.30 (9,200 masks) [$1.83]

      ii. March 26, 2020: $5.30 (1,200 masks) [$1.83]

      iii. April 6, 2020: $6.00 (100 masks) [$2.53]

      iv. April 6, 2020: $5.65 (400 masks) [$2.18]

      v. April 6, 2020: $5.65 (100 masks) [$2.18]

      vi. April 6, 2020: $6.00 (140 masks) [$2.53]

      vii. April 6, 2020: $5.50 (160 masks) [$2.03]

viii.      April 7, 2020: $5.67 (298,000 masks) [$2.20]

ix.      April 7, 2020: $5.50 (160 masks) [$2.03]

x.      April 14, 2020: $5.43 (3,840 masks) [$1.96]

xi.      April 14, 2020: $5.43 (12,960 masks) [$1.96]

xii.      April 14, 2020: $5.43 (100,000 masks) [$1.96]

xiii.      April 14, 2020: $5.90 (6,000 masks) [$2.43]

xiv.      April 20, 2020: $5.50 (10,000 masks) [$2.03]

xv.      April 20, 2020: $5.75 (5,000 masks) [$2.28]

xvi.      April 20, 2020: $5.60 (30,000 masks) [$2.13]

xvii.      April 20, 2020: $5.65 (3,600 masks) [$2.18]

xviii.      April 22, 2020: $5.45 (134,000 masks) [$1.98]

xix.      April 22, 2020: $5.45 (36,000 masks) [$1.98]

xx.      April 22, 2020: $5.45 (30,000 masks) [$1.98]

xxi.      April 22, 2020: $4.65 (213,000 masks) [$1.18]

xxii.      April 22, 2020: $4.65 (161,800 masks) [$1.18]

xxiii.      April 28, 2020: $4.70 (66,000 masks) [$1.23]

xxiv.      April 30, 2020: $4.70 (50,000 masks) [$1.23]

xxv.      April 30, 2020: $4.70 (199,000 masks) [$1.23]

xxvi.      May 5, 2020: $4.25 (3,940 masks) [$0.78]

xxvii.      May 6, 2020: $4.70 (400 masks) [$1.23]

xxviii.      May 19, 2020: $4.70 (1,200 masks) [$1.23]

xxix.      May 20, 2020: $4.70 (60,000 masks) [$1.23]

   xxx.  May 20, 2020: $4.70 (60,400 masks) [$1.23]

 b. CSG Imports also imported three-ply disposable non-medical face masks into the United States for a blended per-unit cost of $0.37, and CSG Imports sold them on the following occasions for the following net sales price in the following quantities, resulting in markups ranging from $0.09 to $0.28 [approximate profit per face mask in brackets]:

   i.  April 20, 2020: $0.65 (20,000 masks) [$0.28]

   ii.  April 24, 2020: $0.54 (100,000 masks) [$0.17]

   iii.  May 4, 2020: $0.50 (2,000,000 masks) [$0.13]

   iv.  May 11, 2020: $0.46 (500,000 masks) [$0.09]

## ATTACHMENT B

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN RE:                                                                                    **STIPULATION**

PERSONAL PROTECTIVE
EQUIPMENT SEIZED FROM
CSG IMPORTS LLC
ON APRIL 22, 2020

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, on April 22, 2020, pursuant to a search warrant issued on April 22, 2020 by the Honorable Edward S. Kiel, United States Magistrate Judge for the District of New Jersey, law enforcement agents lawfully seized personal protective equipment ("PPE"), including approximately 215,000 N-95 respirator face masks from 1980 Swarthmore Avenue, Lakewood, New Jersey (the "1980 Swarthmore Location");

WHEREAS, on the same date, pursuant to a second search warrant issued on April 22, 2020, by the Honorable Edward S. Kiel, United States Magistrate Judge for the District of New Jersey, law enforcement agents lawfully seized PPE, including approximately 11,000,000 three-ply disposable non-medical face masks, from 155 Oberlin Avenue North, Lakewood, New Jersey (the "155 Oberlin Location");

WHEREAS, the PPE seized from the 1980 Swarthmore and 155 Oberlin Locations is currently in the custody and control of the Federal Bureau of Investigation ("FBI");

WHEREAS, Claimant CSG Imports LLC ("CSG Imports") declares and affirms exclusive ownership interest and rights in the PPE seized by the FBI at the 1980 Swarthmore Location and a portion of the PPE seized at the 155 Oberlin Location (the "Seized PPE");

WHEREAS, CSG Imports may seek return of the Seized PPE by filing a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure;

WHEREAS, the United States and CSG Imports have agreed to enter into a deferred prosecution agreement (the "DPA");

WHEREAS, neither CSG Imports nor the United States (collectively, the "Parties") is aware of any additional other persons or entities with a legal interest in the Seized PPE; and

WHEREAS, the Parties desire to resolve this matter without litigation upon the below mutually agreeable terms and conditions;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the United States and CSG Imports as follows:

1. Law enforcement agents lawfully seized the Seized PPE from CSG Imports on April 22, 2020.

2. CSG Imports represents that it has exclusive ownership interest and rights to the Seized PPE. CSG Imports and its undersigned attorney further represent that they are fully authorized to execute this and all other documents necessary to effectuate this resolution.

3. As of the date of the execution of this Stipulation, neither CSG Imports nor anyone else has filed a claim to the Seized PPE. CSG Imports and its undersigned attorney further represent that they are not aware of any other additional potential claimants to the Seized PPE.

4. Upon execution of this Stipulation, and pursuant to its terms, the parties intend to enter into the DPA.

5. Based on the foregoing, CSG Imports, recognizing that the United States has determined that the nation is currently in the midst of a COVID-19 pandemic and that the Seized PPE are scarce medical supplies that are necessary to fight the spread of COVID-19, agrees to sell the Seized PPE at a reasonable cost that is not more than the blended cost figures set forth in the DPA.

6. Based on the foregoing representation by CSG Imports, the United States agrees to release the Seized PPE to allow CSG Imports to sell the Seized PPE at prices that are equal to or less than the blended cost figures set forth in the DPA.

7. To effectuate the terms of this Stipulation, the Seized PPE shall be returned to CSG Imports by the FBI within a reasonable time after the execution of this Stipulation. CSG Imports will cooperate with the FBI in coordinating the return of the Seized PPE.

8. CSG Imports agrees that it will report to the United States Attorney's Office for the District of New Jersey (the "Office") periodically, at no less than six-month intervals, regarding all transactions involving the sale or transfer of the Seized

PPE. By no later than six months following the return of the Seized PPE to CSG Imports, CSG Imports shall submit to the Office a written report setting forth the details of each transaction involving the sale of the Seized PPE, including but not limited to, the date of the sale, the name and contact information of the purchaser, description of the PPE sold, the quantity sold and the purchase price. This reporting obligation shall continue until the last Seized PPE has been sold, or otherwise transferred. CSG Imports shall notify the Office in writing within three months of the date of the last sales transaction involving the Seized PPE, including a complete description of the transaction.

9. CSG Imports agrees to release, remise, hold harmless and forever discharge, the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which CSG Imports and its heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against the United States and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this matter, the seizure and/or restraint of the Seized PPE and the resolution of this matter.

10. CSG Imports waives its rights, if any, to use the seizure and/or restraint of the Seized PPE, and/or or the resolution of this matter as a basis for any statutory or constitutional defense, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment in any other civil, criminal or administrative action.

- 4 -

11. The Parties agree that each Party shall bear its own costs and attorney's fees, and CSG Imports further agrees to waive any and all rights they have, if any, to recover attorney's fees and/or interest under the Equal Access to Justice Act, or any other legal or statutory bases. CSG Imports will not seek compensation for the Seized PPE from the United States, its agencies and contractors. The United States takes no position regarding the tax treatment of any donations of PPE by CSG Imports.

12. This Stipulation sets forth the Parties' entire agreement regarding the Seized PPE. No promises, agreements or conditions have been entered into by the Parties other than those set forth in this Stipulation and the DPA and none will be entered into unless memorialized in writing and signed by all parties. Further, this Stipulation shall not create any rights in any other potential unidentified third party beneficiaries to this Stipulation.

**AGREED:**

**FOR CSG IMPORTS LLC:**

Date: August 13, 2020              By: _____
                                        Donniel Ogorek, Esq.
                                        CSG Imports LLC


Date: August 13, 2020              By: _____
                                        Matthew E. Beck, Esq.
                                        Danielle M. Corcione, Esq.
                                        Chiesa Shahinian & Giantomasi PC
                                        Counsel for CSG Imports LLC

- 6 -

**FOR THE UNITED STATES:**

                                       CRAIG CARPENITO
                                       United States Attorney
                                       District of New Jersey

Date: 8/12/2020                    By:   */s/ Jason Gould*
                                       Jason S. Gould
                                       Nicole F. Mastropieri
                                       Assistant United States Attorneys

                                       Approved by:

                                       */s/ Lee M. Cortes, Jr.*
                                       Lee M. Cortes, Jr.
                                       Chief, Health Care Fraud Unit